# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | No. 1:18-cr-00093 |
| v. : | |
| : | (Judge Kane) |
| **JULIUS ROBERT BUTLER,** : | |
| Defendant : | |

## MEMORANDUM

Presently before the Court are Defendant Julius Robert Butler ("Defendant")'s motion to dismiss the indictment, or in the alternative, for a bill of particulars (Doc. No. 44), and motion for disclosure of discovery material (Doc. No. 50). For the reasons explained herein, the Court will deny the motions.

## I. BACKGROUND

On March 14, 2018, a federal grand jury returned a single-count indictment charging Defendant with conspiracy to distribute and possess with intent to distribute heroin, methamphetamine, and cocaine hydrochloride in violation of 21 U.S.C. § 841. (Doc. No. 1 at 1-2.)[1] The indictment alleges that "[f]rom on or about January 2015 through on or about December 2017, in York County, within the Middle District of Pennsylvania and elsewhere," Defendant "knowingly and intentionally combined, conspired, confederated[,] and agreed with other persons, known and unknown to the Grand Jury, to commit the following offense against the United States":

> to distribute and possess with intent to distribute one kilogram and more of a mixture and substance containing heroin, 500 grams and more of a mixture and substance containing methamphetamine and a mixture and substance containing an unspecified quantity of cocaine hydrochloride, all Scheduled controlled substances, in violation of Title 21 United States Code, Sections 841(a)(1) and

---

[1] In addition, the indictment sets forth a forfeiture allegation pertaining to "[a]pproximately $350,000 in drug proceeds." (Doc. No. 1 at 3.)

841(b)(1)(A)(i), (viii)[,] and 841(b)(1)(C). All in violation of Title 21, United States Code, Section 846.

(Id.)

On March 28, 2018, Defendant entered a plea of not guilty as to this charge. (Doc. No. 11.) In May of 2018, Defendant filed several discovery-related motions. (Doc. Nos. 17-19, 21-23.) In sum, Defendant sought the following: materials to be produced by the Government under Federal Rule of Criminal Procedure 16 (Doc. No. 17 at 2-3); information as to the identify of confidential informants and/or cooperating witnesses (Doc. No. 18 at 1); an order for a pretrial evidentiary hearing pertaining to the existence of a conspiracy (Doc. No. 19 at 1); information under Rule 16(a)(1)(G) describing the Government's expert witnesses' opinions and qualifications (Doc. No. 21 at 1); grand jury transcripts produced under Rule 6(3)(e)(C)(ii) (Doc. No. 22 at 1-2); and materials to be disclosed under Federal Rule of Evidence 807 (Doc. No. 23 at 1-2).

Following a telephone conference with the parties on September 21, 2018 (Doc. No. 34), the Court issued an order that: granted Defendant's motion for disclosure of discovery materials pursuant to Federal Rule of Criminal Procedure 16; denied Defendant's motion for disclosure of confidential informants without prejudice to Defendant's ability to renew this request upon receipt of the materials disclosed per Rule 16; denied Defendant's motion for a hearing to determine the existence of a conspiracy; directed the Government to provide certain co-conspirator statements to Defendant "consistent with its standard practice in advance of trial"; granted Defendant's motion for disclosure of expert information; denied Defendant's motion for grand jury transcripts as moot; and granted Defendant's motion for discovery pursuant to Federal Rule of Evidence 807 to the extent that the Government intends to introduce evidence under Rule 807. (Doc. No. 35.) In addition, the Order scheduled a follow-up telephonic status

conference (Doc. No. 35 at 1), which the Court canceled on October 22, 2018, upon notification from the parties that a status conference was no longer necessary. Following the Court's disposition of Defendant's various motions and the parties' representation that an additional phone conference to discuss these discovery-related issues was unnecessary, the Court ordered that the case be listed for jury selection and trial.

On February 18, 2019, Defendant filed a motion to dismiss the indictment, or, in the alternative, for a bill of particulars (Doc. No. 44), and on March 25, 2019, jury selection and trial were continued pending the disposition of this motion pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(7)(A) (Doc. No. 48). On April 3, 2019, Defendant filed a motion for disclosure of certain discovery materials in a different criminal action in which he is not a defendant, docketed at No. 1:17-cr-342. (Doc. No. 50.) Because both motions are either fully briefed or the applicable time period for filing a brief in reply has passed, the motions are ripe for disposition.

## II. LEGAL STANDARD

### A. Motion to Dismiss Indictment Pursuant to Federal Rule of Criminal Procedure 12(b)(3)

Federal Rule of Criminal Procedure 12(b) authorizes a defendant to file various pretrial motions, including a motion that alleges "a defect in the indictment or information." See Fed. R. Crim. P. 12(b)(3). Under this rule, a defendant may file such a motion on any of the following grounds:

> (i) joining two or more offenses in the same count (duplicity);
> (ii) charging the same offense in more than one count (multiplicity);
> (iii) lack of specificity;
> (iv) improper joinder; and
> (v) failure to state an offense[.]

Id. (providing bases for a motion to dismiss an indictment or information). Federal Rule of Criminal Procedure 7(c) provides, in pertinent part, that an "indictment or information must be a

3

plain, concise, and definite written statement of the essential facts constituting the offense charged." See Fed. R. Crim. P. 7(c)(1).

An indictment is valid if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." See United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007) (quoting United States Vitillo, 490 F.3d 314 (3d Cir. 2007)). "Moreover, 'no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.'" Id. (quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)). In reviewing the sufficiency of the Government's pleadings under Rule 12(b)(3)(B), the Court is limited "in what it may consider during this analysis[,]" and "[i]ts determination must be based on whether the facts alleged in the indictment, if accepted as entirely true, state the elements of an offense and could result in a guilty verdict." See United States v. Bergrin, 650 F.3d 257, 268 (3d Cir. 2011) (citing United States v. DeLaurentis, 230 F.3d 659, 660-61 (3d Cir. 2000)). The Court's consideration of a motion to dismiss an indictment on this basis is "[g]enerally speaking . . . a narrow, limited analysis geared only toward[] ensuring that legally deficient charges do not go to a jury." See id. Additionally, a motion to dismiss an indictment "is not a permissible vehicle for addressing the sufficiency of the [G]overnment's evidence." See United States v. Huet, 665 F.3d 588, 595 (3d Cir. 2012) (quoting DeLaurentis, 230 F.3d at 660).

      **B.**      **Motion for a Bill of Particulars Pursuant to Federal Rule of Criminal Procedure 7(f)**

Federal Rule of Criminal Procedure 7(f) provides that "[t]he [C]ourt may direct the [G]overnment to file a bill of particulars" upon a motion from a defendant. See Fed. R. Crim. P. 7(f). A bill of particulars is defined as "[a] formal, detailed statement of the claims or charges brought by a . . . prosecutor" that is "filed in response to the defendant's request for a more specific complaint." See Bill of Particulars, BLACK'S LAW DICTIONARY (10th ed. 2014). A bill of particulars is warranted when an indictment is deemed insufficient for purposes of "appris[ing] the defendant of what he must be prepared to meet." See United States v. Atwell, No. 13-cr-0560, 2015 WL 2092687, at *4 (D.N.J. May 5, 2015) (citing Russell v. United States, 369 U.S. 749, 763-66 (1962); United States v. Moyer, 674 F.3d 192 (3d Cir. 2012); United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971)).

"The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial[,] and to protect him against a second prosecution for an inadequately described offense." Id. (citing Addonizio, 451 F.2d at 63-64). "Only where an indictment fails to perform these functions, and thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial' . . . will [a reviewing court] find that a bill of particulars should have been issued." United States v. Urban, 404 F.3d 754, 771-72 (3d Cir. 2005) (quoting United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989)). "Importantly, a bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the [G]overnment's investigation[,]" but, "[r]ather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." Atwell, 2015 WL 2092687, at *5. The decision of whether to grant a defendant's motion for a bill of particulars is within the discretion of the district court. See, e.g., Urban, 404

5

F.3d at 771 ("We review an order denying a motion for a bill of particulars for abuse of discretion.").

### C. Motion for Disclosure of Documents by the Government

Federal Rule of Criminal Procedure provides that as to the Government's disclosure of discovery materials, information subject to disclosure includes, inter alia, the following: "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items." See Fed. R. Crim. P. 16(a)(1)(E). These items are to be disclosed if they are located within the Government's custody or control, and: "(1) the item is material to preparing the defense; (ii) the [G]overnment intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." See id. Pursuant to the Jencks Act, which is codified at 18 U.S.C. § 3500, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." See 18 U.S.C. § 3500(a).

## III. DISCUSSION

### A. Motion to Dismiss Indictment, or in the Alternative, for a Bill of Particulars

#### 1. Arguments of the Parties

In support of his motion to dismiss the indictment, or alternatively, for a bill of particulars, Defendant argues that the indictment's allegations "are so vague, indefinite[,] and uncertain that a judgment of conviction or acquittal thereunder would not protect [] Defendant from future prosecution for the same offense and transactions." (Doc. No. 45 at 3.) According to Defendant, the indictment violates both the Sixth Amendment and the pleading requirements imposed by Federal Rule of Criminal Procedure 7 because it "names no co-conspirators, does not

6

give any dates (other than a 2 year period), and fails to give any factual substance at all to its allegations[,]" and, therefore, "should be dismissed for being unconstitutionally vague." (Id. at 3-4.) Defendant argues in the alternative that, should this Court not order the dismissal of the indictment, the Government should be ordered to produce a bill of particulars. (Id. at 4.) According to Defendant, a bill of particulars is warranted in this case because "[t]he Government's entire case is predicated upon alleged 'historical' interactions between [Defendant] and unnamed individuals" and "[i]n its conspiracy case the Government has made no drug purchases from [Defendant]; made no contraband seizures from [Defendant]; has no electronically intercepted communications; nor does it have surveillance." (Id.) Defendant posits that "[t]he sum and substance of the prosecution are these alleged conversations and interactions with unknown people, at unknown homes, and unknown places." (Id.) In a similar vein, Defendant asserts that "it is imperative that [he] be advised of what interactions, at what time and with whom he is alleged to have conspired, in order to intelligently prepare" for trial, and while "[t]he Government has previously stated that it intends to produce such discovery on the doorstep of trial[,]" Defendant would not be afforded adequate time to prepare a defense, especially in light of this being "a case totally dependent upon the testimony of alleged co-conspirators[,]" witnesses whom Defendant must "thoroughly vet" in order to prepare a defense. (Id. at 5.)

In opposition, the Government argues that the indictment should not be dismissed because it adequately states the elements of the offense charged and provides Defendant with sufficient notice of the charge against him. (Doc. No. 49 at 4.) The Government states that "[D]efendant essentially asks the [C]ourt to determine the evidentiary strength of the factual allegations provided in the indictment[,]" a task the Court may not undertake when assessing a

motion to dismiss an indictment. (Id. at 6) (citing DeLaurentis, 230 F.3d at 660). According to the Government, the indictment includes adequate information to support the allegation that Defendant was involved in a conspiracy, the objective of which was the distribution of the named controlled substances and the possession with intent to distribute those substances, which occurred in York County and other locations from approximately January of 2015 to December of 2017. (Id. at 7-8.) Additionally, the Government rebuffs Defendant's argument regarding his ability to prepare for trial on the following grounds: (1) the Government and Defendant previously engaged in a reverse proffer, after which "the [G]overnment asked both defense counsel and [] [D]efendant if they had any questions and there were none"; (2) the Government "provided 14 witness statements to defense counsel," and while the statements were redacted in order to remove witnesses' identifying information, "the 56 pages of statements provide more than enough information to prepare for trial." (Id. at 9.)[2] According to the Government, while "early and complete (unredacted) disclosure can be helpful, a host of other issues, including the safety of government witnesses, counterbalances it," and Defendant's motion constitutes "a thinly veiled attempt to obtain the names of the [G]overnment's cooperating witnesses." (Id. at 9-10.)

### 2. Whether the Court Should Order the Dismissal of the Indictment, or in the Alternative, the Issuance of a Bill of Particulars

Upon review of the record, the parties' arguments, and the governing authority, the Court finds that dismissal of the indictment is improper because the indictment is sufficient, and that

---

[2] The Government also states that "[i]ndeed, the statements were provided well in advance of trial and well in advance of what is required by statute" in that "[w]hile the [G]overnment's practice is to disclose the statements the Friday before trial, based upon this Court's order, the statements were provided months ago." (Doc. No. 49 at 9.)

8

the issuance of a bill of particulars is unwarranted, as well. The Court begins its discussion with Defendant's motion for dismissal of the indictment.

### i. Motion to Dismiss the Indictment

Turning to the substance of the indictment and accepting all of the allegations contained therein as true,[3] the Court finds that the indictment is sufficiently pled, and, therefore, will not be dismissed. Here, the indictment is sufficient because it (1) "contains the elements of the offense charged and fairly informs [] [D]efendant of the charge against which he must defend[,]" and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." See United States v. Henry, No. 06-cr-33-01, 2008 WL 2795140, at *3 (E.D. Pa. July 17, 2008) (quoting United States v. Destio, 153 F. App'x 888, 892 (3d Cir. 2007)). As to this first requirement, the indictment clearly tracks the statutory elements of the given offense – conspiracy to distribute and possess with intent to distribute heroin, methamphetamine, and cocaine hydrochloride – in that it alleges that Defendant "knowingly and intentionally . . . agreed with other persons . . . to distribute and possess with intent to distribute" certain quantities of controlled substances in violation of 21 U.S.C. § 841, which prohibits, in pertinent part, distributing or possessing with intent to distribute a controlled substance,[4] and 21 U.S.C. § 846, which provides that "[a]ny person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." See 21 U.S.C. § 846.

---

[3] See, e.g., Bergrin, 650 F.3d at 265 (stating that "[i]n considering a defense motion to dismiss an indictment, the district court [must] accept[] as true the factual allegations set forth in the indictment" (alterations in original) (quoting United States v. Besmajjan, 910 F.2d 1153, 1154 (3d Cir. 1990))).

[4] See 21 U.S.C. § 841(a)(1) (providing that "[e]xcept as authorized . . . it shall be unlawful for any person knowingly or unknowingly . . . to manufacture, distribute, or possess with intent to manufacture, distribute, or dispense, a controlled substance").

Accordingly, the indictment articulates the elements of the offense charged. In addition, the indictment fairly informs Defendant of this charge by stating the statutory provisions he is charged with violating, listing the elements of said provisions, as noted supra, and specifying the relevant time period by stating that the acts giving rise to the violation occurred "[f]rom on or about January 2015 through on or about December 2017, in York County . . . and elsewhere." See Huet, 665 F.3d at 595 (stating that an indictment generally is sufficient "where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred"); see also United States v. Brown, No. 11-cr-174, 2012 WL 604185, at *4 (W.D. Pa. Feb. 24, 2012) (noting authority emphasizing that for purposes of examining a motion to dismiss an indictment, a court is concerned with "reviewing the face of the indictment and, more specifically, the language used to charge the crime").

The indictment also includes information necessary to "enable[] [Defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." See Henry, 2008 WL 2795140, at *3 (E.D. Pa. July 17, 2008) (quoting Destio, 153 F. App'x at 892). The indictment, as noted previously, delineates the relevant time period and the types of controlled substances allegedly involved, demonstrating that Defendant has been provided with the necessary "factual orientation" to invoke double jeopardy. See, e.g., Huet, 665 F.3d at 596 (stating that the indictment was sufficient as to a specific count, which "specifie[d] the time period during which the violation occurred . . . and identifie[d] the specific weapon involved" and that, therefore, "[n]o more was required to allow [the defendant] to prepare her defense and invoke double jeopardy"). Moreover, the weight of authority generally compels the conclusion that this indictment is sufficient. See United States v. Gillette, 538 F.3d 63, 74 (3d Cir. 2013) (finding

that an indictment was facially valid because "it listed the elements of [the relevant] statute[,] . . . alleged that [the defendant] violated each of the elements, and set forth a time period during which the alleged violations occurred"); see also United States v. Crabb, No. 4-07-cr-423, 2008 WL 794871, at *1 (M.D. Pa. Mar. 24, 2008) (denying motion to dismiss indictment in drug conspiracy case where the indictment "clearly contain[ed] the elements of the offenses charged" and apprised the defendant "of the charges against which he must defend" by alleging that the defendant and others "knowingly and intentionally conspired to possess with the intent to distribute 50 grams or more of cocaine base").[5]

### ii. Motion for a Bill of Particulars

The Court also finds that the issuance of a bill of particulars is not warranted. The Court recognizes at the outset that a bill of particulars is called for "[o]nly where an indictment . . . 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.'" See United States v. Cheatham, 500 F. Supp. 2d 528, 532 (W.D. Pa. Aug. 16, 2007) (quoting Urban, 404 F.3d at 772-72). In light of the Court's examination of the indictment supra, the Court finds that the indictment neither significantly impairs Defendant's ability to defend himself as to the charge set forth therein, nor is it likely to cause prejudicial surprise at trial. Additionally, in moving for the issuance of a bill of

---

[5] Notably, the district court in Crabb also stated that "[t]o the extent that [the] defendant's motion appears to take issue with the amount of discovery that has been provided by the [G]overnment . . . this clearly does not affect the sufficiency of the indictment under Rule 7(c)." See Crabb, 2008 WL 794871, at *1 (explaining reasoning for denial of motion to dismiss indictment). The Court finds this observation to be of note in the instant case, where Defendant takes issue with the amount of discovery that has been disclosed to him thus far (Doc. No. 45 at 4), because Defendant's arguments regarding discovery are inapposite for purposes of disposing of Defendant's motion to dismiss the indictment, where the Court is concerned only with whether the relevant charge has been sufficiently pled. See, e.g., United States v. Schueg, 1:14-cr-00070, 2015 WL 5311435, at *1 (M.D. Pa. Sept. 11, 2015) (acknowledging that the Court's inquiry on a motion to dismiss an indictment is "a narrow, limited analysis geared only toward[] ensuring that legally deficient charges do not go to a jury" (quoting Bergrin, 650 F.3d at 268)).

particulars, Defendant requests that he "be advised of what interactions, at what time and with whom he is alleged to have conspired" for purposes of preparing for trial. (Doc. No. 45 at 5.) This request, however, is tantamount to a discovery request, which is an impermissible use of a bill of particulars. See, e.g., Cheatham, 500 F. Supp. 2d at 533 (denying a motion for a bill of particulars where the defendant requested the "date, time[,] and place when the conspiracy began" because "[a] defendant charged with conspiracy cannot use a bill of particulars to obtain the 'exact date' he entered into the conspiracy" (citing United States v. DiCesare, 765 F.2d 890, 897-898 (9th Cir. 1985); United States v. Urso, 369 F. Supp. 2d 254, 272 (E.D.N.Y. 2005))); see also, e.g., United States v. Blondell, 3:12-cr-0145, 2013 WL 12214142, at *3 (M.D. Pa. May 30, 2013) (recognizing that "[a] bill of particulars is not designed to inquire into the legal or evidentiary support proffered by the Government with regard to whether a defendant committed a specific criminal act" (citing United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977))).[6] Accordingly, the Court will exercise the discretion afforded to it under the relevant authority and deny Defendant's motion for a bill of particulars.

  B.  **Motion for Disclosure of Discovery Materials**

  1.  **Arguments of the Parties**

In support of his discovery motion, Defendant states that the Government should produce to him certain discovery information pertinent to a separate drug conspiracy case in which he is not named as a defendant, docketed at 1:17-cr-342 and assigned to the Honorable Sylvia H.

---

[6] The Court is mindful of the proposition that a defendant's "access to discovery further weakens the case for a bill of particulars." See Urban, 404 F.3d at 772 (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)). Here, while Defendant has also moved for an order compelling the production of certain discovery material by the Government (Doc. No. 50), which could ostensibly weigh in favor of ordering a bill of particulars, the Court finds that, in this case, a bill of particulars is not warranted because the crux of Defendant's arguments concern the sufficiency of discovery, which the Court addresses infra.

Rambo, on the basis that during a suppression hearing in that case on November 28, 2018, the Government "represented to the Court that [the] five co-defendants share a single, common source of supply for the drugs that they are accused of possessing and trafficking in – presumably [Defendant]." (Doc. No. 50 at 3.) According to Defendant, during that hearing, the Government represented that the defendants in that case "were using the same source of supply . . . and that it was all consistent with this being one large conspiracy." (Id.) (internal quotation marks omitted). Further, Defendant asserts that during his arraignment in this case, the Government stated that "[t]here are actually drugs on the table that are directly coming from [Defendant][,]" while positing that Defendant was supplying these other individuals with drugs, requesting that Defendant be instructed not to "have any communications with individuals related to this case," and referring to certain individuals by name. (Id.) (first alteration in original). Defendant states that, as of the date on which he filed his motion, April 3, 2019, the Government has produced only "proffer statements, which are so heavily redacted that [Defendant's] attorneys are unable to gain any meaningful insights into the Government's case against [him]." (Id.)[7]

According to Defendant, only after receiving the suppression hearing transcript in that case did defense counsel become "aware that the Government[] produced a list containing more than 11 separate pieces of evidence, which were introduced . . . and admitted into evidence during the [s]uppression [h]earing." (Id. at 4-5.) Defendant states that the evidence introduced at the hearing "is directly related to the instant case" against him, and "[i]t is also believed that this is just the 'tip of the iceberg[,]'" in that it "is hard to imagine that an investigation spanning more than a year and involving controlled buys and search warrants has not produced a mountain

---

[7] To that end, Defendant refers to a copy of such a redacted statement, attached as Exhibit D to his motion, which appears to be heavily redacted.

of paperwork and other discoverable evidence." (Id. at 6.) Defendant states that, under Rule 16(A)(1)(E), he is entitled to the opportunity to inspect certain items if they are "within the Government's possession . . . and the item is material to preparing the defense[,]" but here, "the Government has not disclosed any of the physical evidence collected in the investigation into the five defendants named in Indictment No. 1:17-CR-342, despite repeated requests by [Defendant's] counsel for all evidence material to preparing a defense." (Id.) According to Defendant, the physical evidence collected for purposes of this separate case "is critical to evaluating the Government's case" against him and to prepare a defense against the charge in the case before this Court. (Id. at 6-7.)[8]

In response, the Government states that, as it pertains to discovery materials relevant to the action docketed at 1:17-cr-342, Defendant's arguments are misleading because: (1) "at least 14 different proffers were provided" to Defendant; (2) the redacted proffer statement cited by Defendant as an exhibit to his motion "is the most heavily redacted of all the reports"; (3) "some redactions are based upon the need to safeguard an ongoing investigation unrelated to [Defendant]"; and (4) "many of the reports have minimal redaction and the redacted portions simply remove the name of the individual proffered [and] personal identifying information." (Doc. No. 52 at 2 n.1.) The Government also states that in support of these contentions, it "is willing to provide a copy of the redacted proffers to this Court" and, furthermore, is willing to provide unredacted versions to the Court ex parte for in camera review to assist the Court in comparing the redacted and unredacted versions. (Id.)

---

[8] Defendant also refers to Rule 16(a)(1)(F), which affords a defendant the opportunity to inspect reports from a scientific test if such results are material to a defense, and states that the lab reports identified as exhibits in the suppression hearing are material to his defense "because he has been charged with conspiracy to traffic in drugs" and the Government "stated that [Defendant] is the source of the drugs in the possession of the Government." (Doc. No. 50 at 7.)

14

In addition, the Government acknowledges Defendant's filing of a motion with this Court to obtain the discovery provided in the separate case docketed at 1:17-cr-342, and states that it "does not oppose providing the discovery to [Defendant's] counsel and mailed a copy of the [] discovery to [D]efendant's counsel" on April 11, 2019, the date on which the Government filed its response to Defendant's motion with this Court. (Id. at 3.) According to the Government, therefore, because it has provided the discovery that Defendant seeks through this motion, Defendant's motion is now moot. (Id. at 4.) At the May 28, 2019 status conference conducted with the parties, the Government represented that it has provided Defendant with all discovery material it is required to produce at this juncture, as well as discovery material related to Defendant produced in the proceeding docketed at No. 1:17-cr-342, subject to certain redactions.

### 2. Whether the Court Should Order the Disclosure of the Subject Discovery Materials

Upon consideration of the relevant authorities, and having considered the parties' arguments, their representations to the Court at the status conference previously held in this case, and the redacted statements reviewed in camera, the Court is unpersuaded that Defendant is entitled to relief in the form of compelled disclosure. Notably, "[o]utside of Rule 16, the Jencks Act, and Brady and its progeny," a defendant in a criminal case "has no general constitutional right to pretrial discovery." See United States v. Harvey, No. 02:12-cr-113, 2014 WL 657595, at *10 (W.D. Pa. Feb. 20, 2014) (citing Weatherford v. Bursey, 429 U.S. 545 (1977)). Further, "[t]he rights conferred by rule, statute, and case law cannot be used to compel the United States to disclose the minutia of its investigation, evidence, witnesses and/or trial strategy." See United States v. Grier, No. 2:12-cr-161, 2012 WL 5614087, at *3 (W.D. Pa. Nov. 15, 2012) (citing United States v. Fiorvanti, 412 F.2d 407, 411 (3d Cir. 1969)). In this case, while Defendant's discovery motion implicates Rule 16 (Doc. No. 50 at 1), the Court cannot discern what further

disclosures Defendant is seeking aside from information that would identify the Government's witnesses, to which Defendant is not entitled at this moment. See Harvey, 2014 WL 657595, at *12 (agreeing that "to require disclosure at this time of the requested information is tantamount to having the [G]overnment identify its witnesses[,]" which the Government is not obligated to do "except in conformity with the Jencks Act . . . which requires the [G]overnment to provide the defense with statements of witnesses that the [G]overnment intends to call at trial"). Because Defendant has not specified what information he seeks, the Court cannot conclude, were it to grant Defendant's motion, what it would compel the Government to disclose. Rather, it appears that Defendant is generally dissatisfied with the amount of information the Government has provided. This reason for moving for disclosure, however, is insufficient to demonstrate an entitlement to the requested relief where the Government has already provided the information that it is obligated to provide. See Harvey, 2014 WL 657595, at *10 (acknowledging the defendant's "frustration" with limitations on discovery but noting that "[a]s a practical matter, defense counsel sometimes experience difficulty in advising their clients as to the advisability of a guilty plea in the absence of knowledge about the strength of the [G]overnment's evidence").

Furthermore, upon in camera review of the redacted statements provided by the Government following the May 28, 2019 status conference conducted with the parties, the Court finds that the redacted documents provided to Defendant are not insufficient for purposes of the instant motion, and, accordingly, the Court will not order the production of unredacted or less redacted copies. As to Defendant's complaints regarding the degree to which certain proffer statements provided by the Government have been redacted, the Court finds this argument unavailing because, as explained by the Assistant United States Attorney in attendance at the May 28, 2019 status conference held by the Court, the redactions were made as to the following

information: names of witnesses; information indicating the witnesses' gender; other identifying information as to the witnesses; and information related to other cases, but not pertinent to the instant case. The Court has no reason to doubt the sincerity of this representation or the Government's ability to comply with all applicable disclosure requirements. See, e.g., United States v. Bledsoe, No. 2:05-cr-370, 2006 WL 3098770, at *1 (W.D. Pa. Oct. 30, 2006) (denying a defendant's request for "a list of the [G]overnment's witnesses or the disclosure of co-conspirators' statements that the [G]overnment will proffer at trial" where, inter alia, "the [G]overnment has acknowledged its obligations under Rule 16 and indicated its intent to comply with those obligations fully" and recognizing that "Rule 16 was not designed to provide a defendant with a vehicle to discover the [G]overnment's case in detail or the strategy it intends to pursue at trial" (citing Fiorvanti, 412 F.3d 407, 410 (3d Cir. 1969))); see also, e.g., United States v. Savage, Nos. 07-cr-550-03, 07-cr-550-04, 07-550-05, 07-550-06, 2012 WL 5866068, at *5 (E.D. Pa. Nov. 20, 2012) ("We assume that the Government will continue to comply with its ongoing discovery obligations.").

Additionally, were the Court to order the production of unredacted copies of these documents, the Court would be ordering that Defendant is entitled to the names of the Government's witnesses, which is belied by the relevant authority. See United States v. DeLaCruz, 3:17-cr-00201, 2019 WL 1757528, at *6 (M.D. Pa. Apr. 19, 2019) ("With respect to [the] [d]efendant's request that the Government disclose the names of its witnesses, such a request is unsupported by law. '[I]t is clear that a criminal defendant does not have the right to full discovery of the [G]overnment's case.'" (third alteration in original) (quoting United States v. Casseus, 282 F.3d 253, 257 (3d Cir. 2002))); see also id. (stating that "it has long been established that 'in no event is the Government required to divulge the identity of its witnesses in

17

a noncapital case'" (quoting United States v. Addonizio, 451 F.2d 49, 62 (3d Cir. 1971))).

Moreover, the unredacted portions of the statements provide Defendant with adequate information to investigate and prepare a defense in this case; while the witness's identifying information is unavailable, the account includes relevant locations, dates, and details of alleged interactions involving the distribution of controlled substances. While Defendant may characterize such accounts as inadmissible hearsay, the Court agrees with the Government's assertion at the May 28, 2019 status conference that such an argument pertains to the admissibility of evidence and is, therefore, more appropriately presented in the context of a trial, rather than in the form of a motion to compel disclosure of discovery materials.[9] Accordingly, the Court will deny Defendant's motion for production of materials under Rule 16. (Doc. No. 50.)

## IV. CONCLUSION

For the reasons explained above, the Court will deny Defendant's motion to dismiss the indictment, or in the alternative, for a bill of particulars (Doc. No. 44), and Defendant's motion for discovery (Doc. No. 50). An appropriate Order follows.

---

[9] At bottom, Defendant's concerns pertain to the weight of the evidence possessed by the Government in this case. The instant discovery motion, however, is not a permissible vehicle for challenging the strength of the Government's case. See United States v. Wolff, No. 11-719, 2013 WL 646204, at *7 (D.N.J. Feb. 20, 2013) (stating that the defendant's discovery requests showed that the defendant sought "evidence of noncriminal activity" and acknowledging that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions" (quoting United States v. Scarpa, 913 F.2d 993, 1011 (2d Cir. 1990))).